# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:13-cv-00210-MR
# (CRIMINAL CASE NO. 1:09-cr-22-MR-DLH-1)

| | |
|---|---|
| MICHAEL ANDREW WHITENER, JR., )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] and the Government's Response to the Motion to Vacate [Doc. 7].

## FACTUAL BACKGROUND

On April 7, 2009, the Grand Jury for the Western District of North Carolina charged Petitioner Michael Andrew Whitener, Jr., with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). [Criminal Case No. 1:09-cr-00022, Indictment: Doc. 1]. The Indictment alleged that Petitioner possessed a .22 caliber revolver after having been previously convicted in North Carolina Superior Court of felonious larceny after breaking and entering. [Id.]. Petitioner pled guilty to the Section

922(g)(1) charge without a plea agreement and was sentenced to eighteen months in prison, followed by three years of supervised release. [Id., Doc. 11: Acceptance and Entry of Guilty Plea; Doc. 18: Judgment]. The Court entered judgment on February 8, 2010, and Petitioner did not appeal.

Since Petitioner completed his term of imprisonment, this Court has twice revoked Petitioner's supervised release for violating the terms of supervision. [Id., Doc. 28: Amended Judgment on Revocation Proceedings; Doc. 38: Judgment on Revocation Proceedings]. Following the most recent revocation, on April 24, 2013, this Court sentenced Petitioner to seven months in prison, followed by an additional two years of supervised release, entering its judgment on May 1, 2013. [Id., Doc. 38].

On July 15, 2013,[1] Petitioner filed the instant motion to vacate, contending that, in light of the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), his conviction under Section 922(g)(1) should be vacated because the prior larceny after breaking and entering conviction used to obtain the Section 922(g)(1) conviction did not carry a sentence of more than one year.[2] [Doc. 1].

---

[1] Petitioner placed the petition in the prison system for mailing on July 15, 2013, and it was stamp-filed in this Court on July 25, 2013.

[2] In Simmons, the Fourth Circuit held that, in order for a prior felony conviction to serve as a predicate offense [for either a crime of violence or a controlled substance offense], the individual defendant must have been convicted of an offense for which that

2

In its Response, filed on October 25, 2013, the Government agrees that Petitioner is actually innocent of the Section 922(g) conviction he now challenges. The Government further waives the statute of limitations and asserts that it agrees that the Court should vacate Petitioner's conviction.

## STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, and because the Government concedes that Petitioner is entitled to relief, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

---

defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243 (emphasis added). In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which had held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted). The Fourth Circuit recently held that Simmons is retroactive to cases on collateral review. See Miller v. United States, No. 13-6254, 2013 WL 4441547 (4th Cir. Aug. 21, 2013).

**DISCUSSION**

It is undisputed that the petition is untimely, as it was filed more than one year after Petitioner's conviction became final. In its Response, the Government concedes that Petitioner is actually innocent of the felon-in-possession conviction, and the Government has expressly waived the one-year limitation period. The Supreme Court held in Day v. McDonough, 547 U.S. 198, 205, 209, 211 n.11 (2006), that where the government intelligently chooses to waive a statute of limitations defense, a district court is not at liberty to disregard that choice. Although Day involved a state habeas petition, this Court finds that where the government intelligently waives the one-year limitations period in the context of a motion under Section 2255, the logic of Day would direct that this Court is not at liberty to disregard that waiver. Because Respondent has expressly waived the one-year limitations period, has conceded that Petitioner is actually innocent of the felon-in-possession conviction under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and has requested that this Court vacate Petitioner's conviction, the Court will grant the motion to vacate.

## CONCLUSION

For the reasons stated herein, the Court grants Petitioner's motion to vacate.

**IT IS, THEREFORE, ORDERED** that:

(1) Petitioner's Motion to Vacate [Doc. 1] is **GRANTED** and Petitioner's conviction is hereby **VACATED**;

(2) Inasmuch as Petitioner's conviction has been vacated, his sentence is also **VACATED**, and he is **ORDERED** released from the custody of the United States Bureau of Prisons and/or the custody of the U.S. Marshals Service and/or any conditions of supervised release/bond imposed in this matter; and

(3) To allow the Bureau of Prisons, the United States Marshal, and Pretrial Services adequate time, such are allowed up to ten (10) days to comply with this Order.

The Clerk of Court is directed to certify copies of this Order to the U.S. Bureau of Prisons, the U.S. Marshals Service, and the U.S. Probation and Pretrial Services Office.

Signed: October 28, 2013

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge